[No. 9082.   Department Two.   March 27, 1911.]

JAMES H. DELANO, *Respondent*, v. ED. LA BOUNTY,
*Appellant*.[1]

MUNICIPAL CORPORATIONS—STREETS—INJURIES FROM AUTOMOBILE—
OWNERSHIP—EVIDENCE—SUFFICIENCY.   In an action for personal
injuries by a pedestrian struck by an automobile, the evidence is
sufficient to establish defendant's ownership of the automobile, al-
though denied by himself and wife, where an unrecorded bill of sale
thereof to his wife had unexplained erasures showing that it had
been made to the defendant, the state license had been taken out in
his name, and also a city taxicab license, under which the machine
was being operated by a chauffeur.

SAME—LICENSE—INSTRUCTIONS.   Under Rem. & Bal. Code, § 5563,
requiring the owner of every automobile to file in the office of the
secretary of state his name and address and a description of the
vehicle owned by him and obtain a certificate, the certificate is
*prima facie* proof of ownership; and an instruction that it was a
mere circumstance to be considered in determining the credibility
of witnesses is properly refused.

Appeal from a judgment of the superior court for Pierce
county Shackleford, J., entered February 26, 1910, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action for personal injuries sustained by a pedestrian run
down by an automobile.   Affirmed.

*Chas. Bedford*, for appellant.

*Ray & Dennis*, for respondent.

CROW, J.—Action by James H. Delano against Ed. La
Bounty, to recover damages for personal injuries.   The com-
plaint alleged that the defendant's chauffeur, while running
defendant's automobile, at a reckless and dangerous rate of
speed, struck and injured plaintiff.   From a judgment in
plaintiff's favor, the defendant has appealed.

The evidence was sufficient to show negligence of the
chauffeur.   Appellant contends that the automobile did not

[1]Reported in 114 Pac. 434.

belong to him, but that it was the separate property of his wife, Josephine La Bounty, who had leased it to one Finnigan, the chauffeur; that Finnigan ran it for hire as a taxicab; that it was under his exclusive control; that Mrs. La Bounty had agreed to furnish the use of a garage, provide gasoline, keep up repairs, and as rental was to receive seventy per cent of all fares collected. The issues tried were, (1) whether the automobile was appellant's property or that of his wife; (2) whether Finnigan was appellant's agent; and (3) whether, at the time of the accident, Finnigan was operating the automobile in the due course of his employment, for and on behalf of appellant. On all of these issues the jury found for respondent.

Appellant first insists that the trial judge erred in denying his motions for a nonsuit and for a directed verdict, contending the evidence was not sufficient to show that the automobile belonged to him, or that Finnigan was his duly authorized agent. Although appellant and his wife testified that the automobile was her separate property, their credibility was for the exclusive consideration of the jury. To show that the machine did belong to appellant, respondent relies upon a bill of sale introduced by appellant, a license obtained from the secretary of state by appellant, and a taxicab license issued to appellant by the city of Tacoma. The bill of sale for the auto, typewritten upon a blank form, dated August 11, 1909, running from one Fred Fischbeck to Josephine La Bounty, has not been recorded. Erasures appear upon its face. An inspection discloses that at one time, it contained the name of Ed. La Bounty as a vendee; that his name was subsequently erased, and that other changes have been made. The vendor, the notary who took the acknowledgment, a third party who witnessed the execution of the bill of sale, and the appellant, La Bounty, were none of them called to explain these apparent changes. Mrs. La Bounty testified that the bill of sale was in the same condition at the time of the trial that it had been at all times since she received it.

The license issued to appellant by the secretary of state is dated October 6, 1910. Appellant testified that he told a clerk in the office of the secretary of state the machine belonged to his wife, but the license was nevertheless issued to, and accepted by, him. Its number was attached to the machine. The clerk mentioned was not called as a witness. It was admitted that shortly prior to the accident a taxicab license was issued by the municipal authorities of Tacoma in appellant's name, and that Finnigan operated the machine as a taxicab under such license. These facts and records were sufficient to sustain the findings of the jury, although appellant's alleged ownership of the machine was denied by the evidence of himself and wife.

The appellant further contends that prejudicial error was committed by the trial court in refusing the following instruction:

"You are instructed that the fact that the state and city license for the automobile in question in this case was issued in the name of the defendant under the conditions and circumstances as issued is not proof of the ownership of said machine, but is only a circumstance to be considered by you in weighing the evidence and credibility of the witnesses as to the ownership thereof, and if you believe from the evidence that said automobile was owned by Mrs. La Bounty as her own separate property, then you must find for the defendant."

Section 5563, Rem. & Bal. Code, provides that:

"The owner of every automobile or motor vehicle shall file in the office of the secretary of state annually before June 1st a statement of his name and address, together with a brief description of every such vehicle owned by him and shall obtain from said secretary a numbered certificate for each of said vehicles, which certificate shall state the name of the owner of such vehicle and that he has registered in accordance with the provisions of this chapter. These certificates shall be numbered consecutively, beginning with one."

Under this statute the certificate is *prima facie* proof of ownership, and is in itself sufficient to sustain a verdict un-

less contradicted by competent evidence. The latter portion of the requested instruction is therefore erroneous, in that·it denies this character to the document, and limits its force to a mere circumstance to be considered as affecting the credibility of the witnesses. The instruction was properly refused.

Other assignments of error are without merit. The question of respondent's alleged contributory negligence was for the jury. We are unable to conclude that the verdict was excessive. No prejudicial error appears in the record. The judgment is affirmed.

DUNBAR, C. J., CHADWICK, and MORRIS, JJ., concur.