Appeal from Third District.

## FERGUSON v. WINTER.

No. 2716.   Decided June 25, 1915   (150 Pac. 299).

1. MUNICIPAL CORPORATIONS—COLLISION WITH WAGON—OWNERSHIP —QUESTION FOR JURY. In an action for injuries to plaintiff street sweeper by a delivery wagon, question of the ownership of such wagon *held* for the jury under the evidence. (Page 323.)

2. MASTER AND SERVANT—INJURY TO THIRD PERSON—USE OF HIGHWAY—AGENCY OF DRIVER—BURDEN OF PROOF. Where plaintiff street sweeper was injured by being run into by a horse and delivery wagon, which he affirmatively proved were not driven by or under the control of the defendant at the time of the accident, but were under the control of a third person, the burden of proof was on plaintiff to produce evidence that the driver was the servant of the defendant, acting in the course of his employment at the time of the accident, since the mere use of a wagon is not sufficient to hold the owner for injuries caused by the driver. (Page 323.)

Appeal from District Court, Third District; *Hon. C. W. Morse,* Judge.

Action by John B. Ferguson against A. E. Winter, doing business under the name and style of the Utah Packing Company.

Judgment for defendant. Plaintiff appeals.

AFFIRMED.

*Powers & Riter* for appellant.

*W. R. Hutchinson* for respondent.

FRICK, J.

This action was brought by the plaintiff to recover damages for personal injuries which he alleged he sustained through the negligence of one of the defendant's servants while driving one of the latter's teams and delivery wagon. The plaintiff

alleged that the defendant was engaged in the—"meat-packing business under the name and style of Utah Packing Company and in connection therewith drove delivery wagons and other vehicles over and across the streets of Salt Lake City."

The plaintiff further alleged that he was employed by Salt Lake City as a street cleaner or street sweeper, and that he was injured through the negligence of one of defendant's servants while engaged in driving one of defendant's delivery wagons on one of the streets aforesaid. The allegations of negligence are sufficient and are not assailed. The defendant in his answer admitted that portion of the complaint we have quoted above, and denied all the other allegations therein contained. At the trial the plaintiff, in substance, proved that on a certain day, while he was engaged in cleaning the streets, a young man rapidly drove a team and delivery wagon on the street, and in passing the plaintiff the young man carelessly drove the wagon against the instrumentality used by the plaintiff, and caused the same to strike and injure him; that on the sides of the wagon driven by the young man were painted the words or sign "Utah Packing Company;" that plaintiff frequently had seen the same wagon, or similar ones, driven on the streets of Salt Lake City with said sign painted on them; that after the injury he saw the wagon with the sign painted thereon standing "at the Utah Packing Company's place of business." He also testified: .

"I saw the same driver down there working at the Utah Packing Company's place of business."

That is, after the accident—how long thereafter is not shown—the plaintiff saw the wagon which he claims injured him as aforesaid and the driver thereof at the place of business of the defendant. This, in substance, constitutes all the evidence produced by the plaintiff respecting the ownership of the wagon and the purpose for which it was being used at the time of the accident, including the proof of agency of the driver. Upon the foregoing evidence both parties rested and the defendant requested the court to direct the jury to return a verdict in his favor upon the grounds: (1) That the plaintiff had failed to prove the ownership of the

team and wagon; and (2) that he had also failed to prove that the driver was the agent or servant of the defendant, or that at the time of the accident he was engaged in the course of his employment. The court granted the request, and directed the jury to return a verdict for the defendant, which was done, and judgment was entered accordingly in favor of the defendant.

The plaintiff appeals, and asks us to reverse the judgment for the reason that the court erred in directing the jury to return a verdict for the defendant, and for the further reason that the court erred in not submitting the **1, 2** case to the jury upon the evidence. We think that the proof was sufficient to take the case to the jury upon the question of the ownership of the wagon. To that effect are the cases cited by appellant's counsel. See *Pittsburg, Ft. W. & C. Ry.* v. *Callaghan,* 157 Ill. 406, 41 N. E. 909; *Edgeworth* v. *Wood,* 58 N. J. Law 463, 33 Atl. 940; *Norris* v. *Kohler,* 41 N. Y. 42. That was, however, not all that the plaintiff was required to prove to make a *prima facie* case against the defendant, in view of the fact that the plaintiff affirmatively proved that the team and wagon in question were not driven by, and were not under the control of, the defendant at the time the accident occurred, but were, as alleged, in the complaint, under the control of a third person. The plaintiff was thus required to produce some evidence, either direct or inferential, that the driver was the servant of the defendant, and that at the time of the accident he was acting in the course of his employment; that is, was doing something in carrying on his master's business. There is no evidence upon that subject, either direct or inferential. Merely to say that A. is using a wagon or automobile, etc., belonging to B. is not sufficient to hold B. for the alleged negligent acts of A. The great weight of authority is to that effect. Mr. Labatt, in his excellent work on Master and Servant (2d Ed.), vol. 6, section 2281, p. 6880, states the rule correctly and clearly in the following language:

"It is a well-settled rule that, 'wherever the master intrusts a horse or carriage, or anything which may readily be made an implement of mischief, to his servant, to be used by him in furtherance of his master's business, or for the execution of his orders, the master will

be responsible for the negligent management of the thing intrusted to the servant, so long as the latter is using it or dealing with it in the ordinary course of his employment.' On the other hand, it is agreed that evidence which goes no further than to show that the instru- mentality by means of which, or in respect of which, a servant com- mitted a certain tort was owned by the master, is not sufficient to establish a vicarious liability on the part of the master. Such evi- dence, it is obvious, is equally consistent with the inference of a loan or license, or with the inference of a user by the servant for his own purposes, without the knowledge or consent of the master."

After explaining that the injured party may prove facts from which it may be inferred that the offending agent or servant was acting within the scope of his master's business by showing that the servant was at the time doing something in connection with the master's business, such as actually delivering goods, wares, or merchandise in which the master deals, or something in connection with the master's business, etc., the author, on page 6866, further says:

"By one court, the fact of ownership has been treated as an ele- ment which is sufficient of itself to warrant the conclusion that the servant was acting in the course of his employment under the owner. But the weight of authority is decidedly opposed to this view, and it may safely be pronounced unsound."

In the case of *Sarver* v. *Mitchell*, 35 Pa. Super. Ct. 69, it is held that merely to prove ownership of the machine or instru- mentality, in that case an automobile, is not enough to fasten liability on the owner of the machine. In the headnote the rule is stated thus:

"The plaintiff must go further and show that the machine was being used in the course of the master's business. If he fails to do this he may be properly nonsuited."

See, also, as supporting the text quoted from Labatt, *supra*, *Slater* v. *Advance Thresher Co.*, 97 Minn. 305, 107 N. W. 133, 5 L. R. A. (N. S.) 598, and cases there cited. We remark that we are not now passing upon what inferences might be deduced from the fact, if it were shown to be the fact, that the vehicle which caused the injury complained of was habitually used in the defendant's business for the purpose of delivering or handling goods, wares, or merchandise in which he was dealing, and that on the day of the accident, or just before it

occurred, the person in whose charge and control such vehicle was had started out on a trip to deliver or handle some article or articles dealt in by the defendant. It may be that under such circumstances it could be inferred that the person in charge of such a vehicle was in the employ of the defendant, and that such person was discharging some duty in the course of his employment. We have no such case here, and hence do not express an opinion upon such a state of facts. It was an easy matter for plaintiff's counsel to call the driver in question and show by him that at the time of the accident he was engaged in the course of his employment. Moreover, the de-- fendant at least was present in court, and no reason appears why the facts could not be elicited from him.

For the reasons stated the judgment is affirmed, with costs to respondent.

STRAUP, C. J., and McCARTY, J., concur.