[No. 23879. Department Two. December 20, 1932.]

MILDRED DOREEN STAM, *a minor, by Her Guardian ad Litem, Earl H. Stam, Appellant,* v. AL JOHNSON, *Defendant,* LINDEMAN POWER & EQUIPMENT COMPANY, *Respondent.* [1]

*John E. Porter, Henry C. Levinski,* and *Everett O. Butts,* for appellant.

*Grady & Velikanje, Stanley P. Velikanje,* and *Fred Kemp,* for respondent.

TOLMAN, C. J.—This is an action for personal injuries arising from an automobile collision. A trial was had to a jury which returned a verdict in favor of the plaintiff and against both defendants in the sum of ten thousand dollars. A motion for judgment notwithstanding the verdict or, in the alternative, for a new trial was interposed and granted as to the de-

[1] Reported in 17 P. (2d) 4.

fendant corporation. A judgment followed dismissing the corporate defendant with its costs. The plaintiff has appealed from the judgment of dismissal.

The collision occurred on the streets of the city of Wenatchee, and there was ample evidence introduced to warrant the jury in finding that the driver of the truck was negligent as charged, and that his negligence was the proximate cause of the accident.

The only questions presented for decision on this appeal are: (1) Was the offending truck owned by the respondent, Lindeman Power & Equipment Co., and (2) Was the driver of the truck the respondent's agent and in the course of his employment at the time of the accident?

The first question is not difficult. There was evidence introduced from which the jury might find that the manager of respondent's branch house at Wenatchee took the truck in on a trade some months before the accident, but that the main office did not allow him credit for the truck at that time, and, as between himself and the respondent, the title was in the manager at the time of the accident. But the jury also might have found that, during all of that time the truck was kept at respondent's place of business in Wenatchee, respondent took out a license for the operation of the truck in its name, and used the truck in its business as it found occasion therefor, until a time subsequent to the accident, when, in the settlement between the manager and the respondent, the title to the truck passed to and vested in the respondent.

The material fact, about which there seems to be no dispute, is that, at the time of the accident, the respondent had permission and the right to use the truck as it might desire, which, if it was using it, was equivalent to ownership so far as liability is concerned, and whether or not respondent was so using the truck when

the accident occurred, is part and parcel of the second question.

The driver of the truck, defendant Johnson, was employed by respondent as a parts man, that is, he had charge of the parts department in respondent's Wenatchee house, where he handled and sold parts and extras. His hours of duty were from eight a. m. to six p. m., and his regular place of duty was in the shop, store or warehouse of the respondent, where its parts room was located. Apparently, it is not even contended that it was a part of Johnson's regular duty to make deliveries of merchandise, though that he did so on occasions was attempted to be proved.

In support of appellant's contention that Johnson was operating the truck in the course of his employment, the guardian ad litem who brings this action testified that, at the time the accident occurred, there was an object on the truck that looked like a box, but he knew nothing of what the box contained, if anything, or why it was on the truck.

The landlady with whom Johnson boarded testified that he worked over hours, and at times could be reached by telephone in the evening at the place of his employment. The landlady's daughter testified that Johnson used the truck to go and come to his meals, and that, for a night or two preceding the accident, he parked the truck in the alley when he came home at night and there left it, using it to return to his work in the morning.

None of these things would seem to amount to more than a mere scintilla of evidence upon the question of Johnson's having been in the course of his employment at the time of the accident.

An apparently disinterested witness testified that he was present with Johnson when the latter used the same truck on some other occasion (time not fixed

with relation to the accident) after six o'clock in the evening to make a delivery for his employer, the respondent. This would seem to be more than a mere scintilla of evidence.

The defense presented the testimony of the manager of the business, under whom Johnson worked, to the effect that his only duties were in the house, that he did not make deliveries, and had not been called upon to work overtime for several weeks preceding the accident, and that, on the day of the accident, his work ceased at six o'clock p. m.; and gave further testimony calling for the inference that Johnson on that day ended his work as usual at six o'clock, and thereafter took the truck without permission to use solely for his own purposes.

Several co-employees of Johnson gave similar testimony, and one so employed at the time of the accident, but not in the employ of the respondent at the time of the trial, testified that Johnson's duties did not take him out of the shop, that he did not make deliveries, and that the witness did not know until after the accident that Johnson ever used the truck. Johnson was not present at the trial and did not testify. If the witness last above referred to be considered a disinterested witness, and respondent contends that he should be, still his evidence appears to lack something of being conclusive. It might very well be that an employee whose general duties were in the shop might be directed by the master on some special occasion to perform a duty outside of the shop without all or any of his co-employees being aware of the fact.

The testimony which we have summarized seems to preponderate greatly in favor of the respondent, so much so that, at least, the trial court was justified in making the alternative order granting a new trial in the event that his judgment n. o. v. should be reversed.

■ Of course, the fact that respondent had the right to use the truck, coupled with the fact that Johnson was in its employ, would, if there were no other evidence upon the subject, perhaps be sufficient to raise the presumption that Johnson was in the course of his employment when he drove the truck into the collision; and we have often held that, where such a presumption is combated only by the testimony of interested witnesses, the question is for the jury. *Knust v. Bullock,* 59 Wash. 141, 109 Pac. 329; *Delano v. La Bounty,* 62 Wash. 595, 114 Pac. 434; *Kneff v. Sanford,* 63 Wash. 503, 115 Pac. 1040; *Samuels v. Hiawatha Holstein Dairy Co.,* 115 Wash. 343, 197 Pac. 24, and many other cases, continuing on down to *Barach v. Island Empire Tel. & Tel. Co.,* 151 Wash. 279, 275 Pac. 713; and that rule must be applied here, unless we can say that there was evidence from a disinterested witness so combating the presumption as to warrant the court in holding, as a matter of law, that Johnson was not in the course of his employment at the time in question. Assuming that the witness employed by the respondent at the time of the accident, but who left respondent's employ long before the trial, was a disinterested witness, and that, in a proper case, we would so hold, yet, as we have already seen, the testimony of that witness, even though disinterested, was not of a conclusive nature. He testified only as to general conditions as he observed them as to Johnson's general duties, and did not pretend to give any testimony of his own knowledge as to the nature of the errand upon which Johnson was engaged at the time the accident occurred.

As we see it, the facts present practically the same issue as was presented in the *Barach* case, *supra.* We may say, in passing, that the testimony upon this point produced by the respondent, so far as it goes, is cogent and consistent, and were we the triers of the fact,

would probably be convincing. Since, however, under our system, all issues of fact present questions solely for the jury, we cannot interfere without invading the province of the jury, although the trial court, in our opinion, properly exercised his function of setting aside the verdict because it was against the weight of the evidence and granting a new trial.

The judgment of dismissal will be reversed, and the cause remanded for a new trial.

MAIN, BEALS, and STEINERT, JJ., concur.