## WILLIAM J. STAPLES *vs.* GEORGE H. SPELMAN

### APRIL 26, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J.   This is an action of trespass on the case for negligence to recover for personal injuries sustained in an accident alleged to have been caused by the negligence of the defendant's agent.   At the trial in the Superior Court on February 4 and 5, 1932, the defendant presented no evidence and a verdict was rendered for plaintiff for $5,800. On February 9 defendant filed a motion for a new trial; on February 12 plaintiff died; on March 18 probate proceedings were instituted; on April 28 an administrator was appointed for plaintiff's estate; on May 26 the administrator's motion for leave to enter his appearance and prosecute this case to final judgment was heard and granted,

and at the same time defendant's motion for a new trial was heard and denied. The case is before this court on defendant's exceptions as follows: (1) to rulings made during the course of the trial; (2) to the denial of his motion for a directed verdict; (3) to the granting of plaintiff's motion to reopen the case; (4) to portions of the charge to the jury; (5) to the granting of the administrators motion to prosecute said action; (6) to the denial of defendant's motion for a new trial, which exception included the claim of excessive damages.

It appeared in evidence that on September 2, 1930, as plaintiff was standing on the easterly sidewalk of the Post Road in Apponaug, Rhode Island, an automobile operated by a chauffeur approached proceeding southerly on said road towing a lawn roller. The roller became detached from the automobile, rolled over the curb on to the sidewalk and struck and injured the plaintiff.

Defendant's principal exception to rulings during the course of the trial is to the admission of certain evidence regarding the ownership of the automobile involved in the accident and to the refusal to strike out related testimony. Said automobile bore Massachusetts number plates, and the registration of the car as exhibited by the operator shortly after the accident contained the name of the defendant as the owner thereof. Plaintiff maintains that this was sufficient evidence to create a presumption that defendant owned the automobile and that it was being used in his business and with his authority, while defendant contends that this evidence is insufficient to create such a presumption, and that ownership should be proven by the testimony of a member of the board having jurisdiction of the registration of automobiles or by the introduction in evidence of a certified copy of the records of such board.

It is a matter of common knowledge that each state, as a prerequisite to permitting the operation of motor vehicles on its highways, requires owners of motor vehicles to obtain therefor registration and corresponding number plates.

It is an equally well established custom in connection with this rule for each state to extend to citizens of other states, under certain conditions and usually for a limited time, the privilege of operating motor vehicles upon the highways of such state. The Rhode Island law relating to non-resident operators (G. L. 1923, Chap. 98, as amended by P. L. 1931, Chap. 1753) is as follows: "Any non-resident owner who shall have complied with the laws of the country, state, territory or district in which he resides requiring the registration of owners of motor vehicles, and the display of identification numbers on such vehicles, may operate or have operated his motor vehicle upon the public highways of this state . . ."

This court in *Giblin* v. *Dudley Hardware Co.*, 44 R. I. 371 at p. 373, in commenting upon the registration of motor vehicles, said: "An important reason for requiring motor vehicles to be registered and the distinguishing number assigned to the vehicle displayed upon it is to give a person injured by the operation of such vehicle an opportunity of identifying the owner thereof."

The certificate of registration and the number plates issued in conjunction therewith usually comprise all the evidence at hand at the time to determine the ownership of an automobile involved in an accident. In the case of a vehicle registered in another state, communication with the state board thereof might require considerable time. It is not unreasonable or unduly burdensome to require that in return for the right to use the highways of a state the person in whose name a motor vehicle is registered appear and offer such explanation as he may have regarding an accident in which such motor vehicle is involved and causes injury or damage. If the vehicle does not belong to him or has been used without his authority, it would be a simple matter for him to produce evidence of that fact.

The rule that the registration and number plates of a motor vehicle constitute *prima facie* evidence of ownership has been generally approved by courts and

text writers: *Ford* v. *Hankins*, 209 Ala. 202; *Delano* v. *La Bounty*, 62 Wash. 595; *Hatter* v. *Dodge Brothers*, 202 Mich. 97; *Chouinard* v. *Woolridge*, 102 Conn. 66; *Ferris* v. *Sterling*, 214 N. Y. 249; *Bogorad* v. *Dix*, 176 N. Y. App. Div. 774; *Berger* v. *Watjen*, 106 Atl. (R. I.) 740; Huddy Cyc. Auto. Law (9th ed.) Sec. 180; Berry on Automobiles (5th ed.) § 1211. In *Bogorad* v. *Dix, supra*, the court said: "Owing to the difficulty of showing ownership of an automobile and responsibility therefor when an accident is caused thereby, the courts, applying and extending a rule of evidence theretofore obtaining with respect to accidents caused by other vehicles, have declared that it is to be presumed that the automobile is owned by the person to whom the license shown by the number was issued and that it was being used in his business."

Furthermore under the law of Rhode Island (G. L. 1923, Chap. 349, Sec. 28) the property of a non-resident in an action "sounding in tort" may be attached upon affidavit that the plaintiff has a just claim against such non-resident. In the event of an automobile accident the only available evidence upon which to base such an affidavit—which of necessity must be promptly executed—would usually be the registration and number plates of the automobile involved in the accident.

In our opinion such number plates and registration are *prima facie* evidence that the automobile belongs to the registrant and is being used in his business or with his authority. The rulings of the trial justice permitting ownership of the automobile to be shown by the number plates and registration and refusing to strike out related testimony were correct, and the defendant's exception to the same is overruled. All his exceptions to rulings in the course of the trial are without merit and are overruled.

In support of his exception to the denial of his motion for a directed verdict defendant contends that the fact that the roller became detached from the automobile does not establish negligence *per se*, and that as the specific cause of

said detachment was not shown, no negligence on his part has been established.

The general principle applicable to this situation is set forth in an early case before this court: *Bennett* v. *Lovell,* 12 R. I. 166: "It cannot be doubted that . . . defendant had a right to transport his machinery over the highway; and, as was stated by way of illustration, any person has a right to transport over the highway elephants and animals which may frighten horses. . . . This right is undoubted, but it is to be so exercised as not to endanger the lives or property of others who have equal rights upon the highway. As in other cases of the use of a dangerous article, the required degree of care increases with the danger to be apprehended from the use of it and from exposure to it."

An automobile operator engaged in towing another vehicle is performing an act of potential danger to other operators and to pedestrians. Persons using a dangerous instrumentality are required to exercise care commensurate with the danger to be apprehended in order to prevent injury to others; in the instant case, for example, equipment specially designed for securely attaching to the automobile the vehicle being towed might have been employed. The mere fact that the roller became detached indicates that the means of attachment was not sufficiently strong to keep it under control and establishes a *prima facie* case of negligence on the part of defendant. *Sylvia* v. *Newport Gas & Light Co.,* 45 R. I. 515; *LaForrest* v. *O'Driscoll,* 26 R. I. 547; *Nelson* v. *Narragansett Elec. Co.,* 26 R. I. 258. There was further testimony that defendant's agent was proceeding at a rate of speed much higher than that at which the roller was designed to move and that the momentum of the roller became so great as to force the operator in going down grade to drive very rapidly. This evidence raised the question whether under the circumstances defendant's agent exercised due care and was properly a question for the jury. The denial of defendant's motion for a directed verdict was correct and his second exception is overruled.

In regard to the exception to the granting of plaintiff's motion to reopen the case, it appears that although the case was reopened the evidence offered at that time was rejected. Defendant was therefore not prejudiced by such reopening and his exception thereto is overruled.

The exceptions to the charge to the jury are based upon instructions as to the proof of ownership of the automobile involved in the accident. These instructions were more favorable to defendant than he was entitled to under the rule herein enunciated that the registration certificate and number plates are presumptive proof of ownership. Defendant therefore takes nothing by these exceptions and they are overruled.

Defendant's exception to the granting of the administrator's motion to appear and prosecute this action depends upon the question whether Mr. Staples' death was caused by the accident. As there was medical testimony directly contradicting this assumption, the court was within its rights in granting the administrator's motion to become a party. *Lubrano* v. *Atlantic Mills*, 19 R. I. 129; *Slavin* v. *Hellenic Baking Co.*, 50 R. I. 217. Defendant's exception to the granting of said motion is overruled.

Considering the exception based upon excessive damages, we find the evidence relating to loss of earnings unconvincing. The plaintiff's business of peddling and of digging wells rendered very unlikely a steady income of the amount testified to. From the testimony of the doctor who attended Mr. Staples it further appears that the accident neither caused nor accelerated plaintiff's death. In view of this evidence, the sum of $5,800 appears to be excessive. In our opinion the sum of $4,000 would be ample compensation for loss and damage arising from the injuries sustained.

The defendant's exception on the ground of excessive damages is sustained. All his other exceptions are overruled.

The case is remitted to the Superior Court for a new trial unless, on or before the third day of May, 1933, the plaintiff shall file in the office of the clerk of said court a remittitur of all the damages awarded him in excess of $4,000. In case the plaintiff shall file such remittitur, it is ordered that judgment be entered for the plaintiff in the sum of $4,000.

*Quinn, Kernan & Quinn, Michael De Ciantis,* for plaintiff.
*Clifford A. Kingsley, Francis V. Reynolds,* for defendant.