## SALTAS v. AFFLECK.

No. 6173.   Decided May 15, 1940.   (102 P. 2d 493.)

H. G. *Metos, Joe P. Bosone,* and *Samuel Bernstein,* all of Salt Lake City, for appellant.

*Stewart, Stewart & Carter, C. Jay Parkinson, Edwin B. Cannon,* and *Gerald Irvine,* all of Salt Lake City, for respondent.

LARSON, Justice.

The action involved in this appeal arose out of a collision in which plaintiff's son was fatally injured, and the question raised on this appeal is whether the trial court erred in directing a verdict in favor of the defendant Affleck. Appellant contends that the presumption that the driver of the automobile was doing so as agent of the owner, and acting within the scope of his employment arising from the fact of proof of ownership of the automobile and of the agency should be considered as evidence to be submitted to the jury along with the uncontradicted evidence rebutting such presumption produced by the owner, and the agent. At the intersection of K Street and Third Avenue in Salt Lake City the car in which the deceased was riding collided with a grocery delivery truck driven by Kenneth Butte. On the side of the truck was the name of the owner, D. A. Affleck. The store was located at the corner of T Street and Second Avenue. The owner of the store and Kenneth Butte testified that the employe regularly made six delivery trips a day, following a route prepared by the manager for each trip. On the day of the accident he had made four deliveries on the noon trip when he agreed to give two girls a ride in the truck down to the business section of the city. After picking up the girls he made his last delivery on Third Avenue, east of the store. Having no more deliveries to make he should have returned the truck to the store. According to instructions given him by the manager he was not to take passengers without permission. In fact the only seat in the truck was that on which the driver sat, so on this ride the two girls sat on an empty packing box. Butte proceeded west on Third Avenue, passing T Street. When he arrived at K Street the accident occurred. The scene of the collision is nine blocks west and one block north of the place where the store is located.

Plaintiff, the father of the deceased, sued Butte, the employee, and D. A. Affleck, the owner of the automobile.

The trial court decided that the servant was acting outside the scope of his employment or was "on a frolic of his own," and that as a matter of law the defendant, D. A. Affleck, was not liable for any damages arising out of an accident due to the former's negligence. The court therefore directed the jury to return a verdict of no cause of action in favor of the defendant D. A. Affleck and against the plaintiff, and the present appeal is prosecuted to reverse this action of the trial court.

The trial court was not in error in directing the verdict in favor of the defendant because the doctrine of respondeat superior is not applicable. Appellant argues that the question of whether the agent was within the scope of his employment should be submitted to the jury. The employe's action resulting in the accident was not a mere deviation from the course of the employment as was involved in *Carter* v. *Bessey*, 97 Utah 427, 93 P. 2d 490, in which case this court held that the question should properly be submitted to the jury. See also *Burton* v. *LaDuke*, 61 Utah 78, 210 P. 978. Here there was a departure from the course of the employment and the employer's responsibility for the acts of his employee had ceased. When the employee has clearly departed from the scope of his employment there is no question to be submitted to the jury. *Cannon* v. *Goodyear Tire & Rubber Co.*, 60 Utah 346, 208 P. 519; *Fowkes* v. *J. I. Case Threshing Machine Co.*, 46 Utah 502, 151 P. 53; *Wright* v. *Intermountain Motorcar Company*, 53 Utah 176, 177 P. 237.

The question involved in this appeal is whether the presumption that the agent was acting within the scope of his employment arising from proof of ownership of the car and agency, and the affirmative evidence rebutting this presumption, raise a question of law for the court to decide, or a question of fact to be submitted to the jury.

The rule in this jurisdiction is that mere ownership of an automobile does not establish a prima facie case that the

owner is liable for damages caused by the negligence of the driver. *Ferguson* v. *Winter*, 46 Utah 321, 150 P. 299. *McFarlane* v. *Winters*, 47 Utah 598, 155 P. 437, L. R. A. 1916D, 618, reaffirmed this view. See also *Ferguson* v. *Reynolds*, 52 Utah 583, 585, 176 P. 267. *Ferguson* v. *Winter*, supra, held that in order to make out a prima facie case of liability against the defendant, whose automobile struck the plaintiff at a time when it was being driven by another, the plaintiff must in addition to proving ownership show by evidence either direct or inferential that the driver was a servant of the defendant, and that at the time of the accident he was acting within the scope of his employment. This court said in *McFarlane* v. *Winters*, supra [47 Utah 598, 155 P. 440, L. R. A. 1916D, 618]:

"Neither does it work a hardship upon the plaintiff to require him to prove by competent evidence the defendant's connection with the vehicle or instrumentality which it is contended caused the accident and the relationship of the defendant and the person in whose charge the vehicle or instrumentality was at the time of the accident. As pointed out in *Ferguson* v. *Winter*, supra, this may be done in various ways. Of course, if the defendant is driving the vehicle, his responsibility is easily shown. If, however, it is driven by another, such other's relationship to the defendant, as well as his connection with the vehicle at the time may be shown by him or by any other competent facts from which such relationship and connection may be inferred. There is no reason, therefore, for having recourse to deceptive and misleading inferences."

The presumption of agency from the mere fact of ownership is allowed in a majority of jurisdictions because it is said to be reasonable to expect that an automobile in an accident is driven by the owner or by someone acting by virtue of authority given by the owner since such is usually the case. And the presumption that the car was used for the benefit of the owner is more readily indulged when the car is a commercial one with defendant's name on it as business names usually appear. But if in fact it is being driven by a servant on a "frolic of his own," it is but fair that the defendant, the owner of the car, should

show such facts affirmatively, as they are facts of which he alone will ordinarily have knowledge. The presumption imputes the driver's negligence to the owner and then it is the responsibility of the owner to show that the negligence should not be so imputed. The evidence offered in rebuttal of the presumption of the agency of the driver from proof of ownership may be so uncontradicted and conclusive as to entitle the court to say as a matter of law that the presumption has been rebutted. In *Callahan* v. *Weybosset Pure Food Market*, 47 R. I. 361, 133 A. 442, the court had before it the presumption from proof of ownership and operation by an employee, (in this case, like the one at bar, a grocery delivery truck was driven), that the employee was engaged in the owner's business at the time of the accident. The court said that such presumption is operative only in the absence of any evidence for the defendant, and it is not one from which an inference of facts may naturally be assumed, but is merely a rule of law. Instead of being evidence of the fact of agency, the presumption furnishes plaintiff an excuse for failing to offer evidence concerning it. Also the consequences of the presumption are merely procedural and when met by testimony showing that the truck was not being operated upon the defendant's business but was being driven by the employee on an errand of his own the presumption became inoperative and of no more force than if it had never existed. And the settled rule in this jurisdiction is that as soon as evidence is offered on the question the presumption ceases and does not longer exist. *In re Newell's Estate*, 78 Utah 463, 5 P. 2d 230; *State* v. *Green*, 78 Utah 580, 6 P. 2d 177; *Fox* v. *Lavender*, 89 Utah 115, 56 P. 2d 1049, 109 A. L. R. 105.

In the present case plaintiff did not offer any evidence contradicting that offered by the defendant to rebut the presumption. So the court properly did not submit the case to the jury.

The judgment is affirmed. Costs to respondent.

MOFFAT, C. J., and McDONOUGH and PRATT, JJ., concur.

WOLFE, Justice (concurring).

I concur on the ground that even though the presumption remained, the evidence was such as to require, in law, a directed verdict. I am not prepared to say that in all cases where the law permits a presumption from a set of facts, that such presumption goes out of the case completely when *any* evidence to rebut it is introduced. In this case the evidence rebutting the presumption was clear, convincing and itself unrebutted. Hence, the verdict for defendant Affleck was properly directed.