[Crim. No. 647.    Department Two.—December 29, 1900.]

THE PEOPLE, Respondent, v. A. ARLINGTON, Appellant.

CRIMINAL LAW—INSTRUCTIONS—DISTRUST OF FALSE WITNESS.—An instruction "that a witness false in one part of his or her testimony, as the case may be, is to be distrusted in others, and if you find that any witness in this case has willfully testified falsely to any material matter in the case you have a right to entirely disregard and cast aside the testimony of such witness," is correct, and does not unduly amplify the language of subdivision 3 of section 2061 of the Code of Civil Procedure.

ID.—NAMING OF PROSECUTING WITNESS.—It is improper to single out a particular witness and apply to him or her the rule as to the distrust of a false witness; and where a general instruction is given as to such rule, which is applicable to all the witnesses in the case, a requested instruction applying it to the prosecuting witness is properly refused.

ID.—GRAND LARCENY—VALUE OF MONEY STOLEN—ESTIMATE IN GOLD COIN—EXCEPTIONS—APPEAL—ERROR NOT SHOWN — PRESUMPTION. — Upon appeal from a judgment of conviction of grand larceny in stealing two hundred and fourteen dollars in lawful money of the United States, where the only evidence brought up relates to certain exceptions stated, which do not include an exception to the absence of evidence that the property, consisting of two hundred dollars in greenback bills, ten dollars in gold, and four dollars in silver, was worth more than fifty

dollars in gold coin, or to the failure of the court to instruct the jury that its value must be measured in gold coin, error on that subject is not affirmatively shown, and it must be presumed upon appeal that the requisite evidence was supplied.

ID.—CONTINUANCE OF PRESUMPTION OF INNOCENCE—IMPORT OF INSTRUCTION.—The presumption of the innocence of the accused continues not only during the taking of the testimony, but also during the deliberations of the jury and until they reach a verdict. An instruction that it "abides with him throughout the trial of the case, until the evidence convinces you to the contrary beyond all reasonable doubt," is to be construed as importing that it remains until the jury should reach the conclusion of guilt beyond a reasonable doubt in the determination of their verdict, and not as importing that the presumption ceased to operate before that time.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. S. P. Hall, Judge.

The bill of exceptions stated: "For the purpose of this bill of exceptions this was all the evidence offered by the prosecution that bears upon the defendant's exceptions hereinafter to be stated. But other evidence was introduced which with the evidence herein set forth was sufficient to sustain the verdict." Further facts are stated in the opinion of the court.

Henry C. McPike, and J. E. McElrath, for Appellant.

Tirey L. Ford, Attorney General, for Respondent.

THE COURT.—Defendant was charged with the crime of grand larceny and of two prior convictions for the like offense. He was found guilty by the jury, and the court sentenced him to imprisonment in the state prison during his natural life. The appeal is from the judgment and from the order denying defendant's motion for a new trial. There is no brief for respondent. Appellant's points relate exclusively to the instructions of the court.

1. The point first presented arises on the following instruction: "I instruct you, gentlemen of the jury, that a witness false in one part of his or her testimony, as the case may be, is to be distrusted in others. *And if you find that any witness in this case has willfully testified falsely to any material*

*matter in the case, you have a right to entirely disregard and cast aside the testimony of such witness."* The first part of the instruction is in the language of section 2061, subdivision 3, of the Code of Civil Procedure, and is not objected to, but the latter part, in italics, is urged as prejudicial to defendant, because it tended to confuse the jury and prevent them from giving proper consideration to the facts of the case; and besides is erroneous as not embodying any part of the law of this state. Appellant's counsel review at some length the decisions in which this provision of the code has been commented upon, and concludes that much confusion exists as to its meaning; and the learned counsel insists that the rule was laid down in *People v. Paulsell,* 115 Cal. 6, to the effect that the language of the statute should be followed without amplification or modification. We do not so understand that case. The trial court had used the phrase "may be distrusted" instead of "is to be distrusted," and it was with reference to this change in phraseology that it was suggested as safer and better to follow the language of the statute. That the trial court may amplify the code rule substantially as was done in the present case was decided in *People v. Flynn,* 73 Cal. 511; and that it should do so is laid down in *People v. Plyler,* 121 Cal. 160. The instruction there read as follows: "If you are satisfied that any witness has willfully testified falsely in regard to any one person, or any one particular fact in the case, then you are authorized to distrust his or her testimony in all particulars; that is, you may reject it entirely if you choose to do so, or you may reject it in part, and receive it in part, as you find it contradicted or sustained by other testimony, as you are satisfied of its truth or falsity." See, also, *People v. Clark,* 84 Cal. 573, where a similar instruction was upheld; and the rule is sustained by what was said with considerable amplification in *People v. Sprague,* 53 Cal. 491, quoted approvingly in *White v. Disher,* 67 Cal. 402.

2. The defendant requested and was refused the following instruction: "If you believe that the prosecutrix testified falsely about being in San Francisco on the night of April 14, 1899, she is to be distrusted in other parts of her testimony." The court did not err. The instruction first above considered

applied to all the witnesses in the case, and besides it would have been improper to single out a particular witness and apply to him or to her the rule in question. (*Thomas v. Gates,* 126 Cal. 1.)

3. The court charged the jury as follows: "Before you can find him [defendant] guilty of grand larceny, you must be satisfied beyond all reasonable doubt that he stole from the prosecuting witness, Minnie M. Smith, of her personal property, money in excess of the value of fifty dollars; but if you find that he stole such money but are not satisfied that the amount thereof exceeded fifty dollars, you can only find him guilty of petit larceny." Section 878 of the Penal Code provides that: "Wherever in this code the character or grade of the offense or its punishment is made to depend upon the value of the property, such value shall be estimated exclusively in United States gold coin." The court elsewhere in its instructions referred to the indictment as charging defendant with having stolen "two hundred and fourteen dollars, of the value of two hundred and fourteen dollars, in lawful money of the United States"; and again reference is made to some of this money as "bills of currency of the United States," or as "greenbacks," or as "fifty-dollar bills," but the court does not tell the jury in estimating the value of these greenbacks or bills that they are to "estimate their value in gold coin of the United States." The evidence was that the money stolen consisted of two fifty-dollar greenbacks, five twenty-dollar greenback bills, a ten-dollar piece of gold, and four dollars and eighty-five cents in various denominations of silver coin. The contention is that there was no testimony offered to show the meaning of the word "greenbacks," or instruction that their value was to be estimated in gold coin.

The bill of exceptions does not bring up all the evidence, and what appears is stated in the bill to bear only "upon the defendant's exceptions hereinafter to be stated." We find no exception on the point now raised, and as the presumption is that there was evidence to meet the requirements of the law it was incumbent on defendant to show affirmatively that there was no such evidence. The question now raised is not necessarily involved by the appeal.

4. The court charged the jury as follows: "The charge in the information puts upon the prosecution the burden of proving that he is guilty of the charge laid in the information beyond all reasonable doubt. In other words, gentlemen, the defendant at the outset of this trial is presumed to be an innocent man. He is not required to prove himself innocent or to put in any evidence at all upon that subject until the prosecution has proven to your satisfaction and beyond all reasonable doubt that he is guilty. Now, in considering the testimony in the case, you must look at that testimony and view it in the light of that presumption which the law clothes him with, that he is innocent, and it is a presumption that abides with him throughout the trial of the case until the evidence convinces you to the contrary beyond all reasonable doubt."

It is claimed that the effect of this instruction was to deprive defendant of the presumption of innocence, at some time throughout the trial, before the jury should by their verdict determine to the contrary; that the jury were in effect told that when the prosecution closed its evidence, and the defendant was called upon to put in his defense, at that point of time the presumption of innocence with which the defendant was clothed ceased to operate. There is no doubt but that the presumption of innocence continues not only during the taking of the testimony, but during the deliberations of the jury and until they reach a verdict (*People v. McNamara*, 94 Cal. 509); and if it could fairly be said that the instruction deprived the defendant of the full operation of this rule, we should not hesitate to hold the error to be prejudicial. But we cannot so interpret the meaning of the instruction. The court told the jury that "it is a presumption that abides with him throughout the trial of the case," and we do not think the language, "until the evidence convinces you to the contrary beyond all reasonable doubt," conveyed the impression that the presumption ceased to operate at the close of the evidence of the prosecution or at any time before the jury had finally determined upon a verdict. The court meant, and we think must have been by the jury understood to mean, that the presumption remained to the last with defendant and until in their deliberations upon the evidence they became convinced of his

guilt. When the jury reached that conclusion on the whole evidence and beyond a reasonable doubt, of course the presumption disappeared and should disappear.

The judgment and order are affirmed.