## GREER *v.* STATE OF INDIANA.

[No. 25,209.   Filed October 23, 1929.   Rehearing denied January 10, 1930.]

*Walterhouse & Miller* and *John J. Dodd,* for appellant.
*Arthur L. Gilliom,* Attorney-General, and *George J. Muller,* Deputy Attorney-General, for the State.

MARTIN, J.—Appellant was prosecuted under an indictment for receiving and concealing goods stolen in another state (Acts 1905, ch. 169, §382, §2466 Burns 1926). He was tried by a jury, found guilty, fined and sentenced to imprisonment in the Indiana State Prison. He assigns as error the action of the court in overruling his motion to quash the indictment and in overruling his motion for a new trial, wherein it is alleged that the evidence is insufficient and the verdict is contrary to law, that the court erred in giving and refusing to give certain instructions, and that one of the jurors was guilty of misconduct.

The appellant contends that the indictment, although substantially in the language of the statute, does not state a public offense and does not state the offense with sufficient certainty, because, he says, it fails to allege the ownership of the property or whether the owner is a partnership or corporation, fails to charge when the property was stolen, and fails to set out the specific acts of receiving and concealing. The indictment charged that:

" . . . Frank Greer, late of said county, on or about the 25th day of November A. D. 1925, at said county and state aforesaid, did then and there unlawfully and feloniously receive, conceal and aid in the concealment of nine sacks of clover seed then and there of the value of $250, of the personal goods and chattels of the Wilshire Equity Exchange, which said nine sacks of clover seed had been prior thereto feloniously stolen and taken away from the Wilshire Equity Exchange at Van Wert County, State of Ohio, being another state of the United States, by some person or persons to the Grand Jury unknown and brought into the State of Indiana, the said Frank Greer then and there well knowing the same to have been feloniously stolen in another state of the United States aforesaid," etc.

These averments are ample to apprise the defendant of the nature and character of the charge against him, *Agar* v. *State* (1911), 176 Ind. 234, 94 N. E. 819, and are certain to a common intent, *Brunaugh* v. *State* (1910), 173 Ind. 483, 506, 90 N. E. 1019; *Love* v. *State* (1898), 151 Ind. 511, 513, 51 N. E. 1056. A specific allegation of the date when the grain was stolen in Ohio is not the essence of the crime with which appellant is charged. §2225 Burns 1926; *Boos* v. *State* (1914), 181 Ind. 562, 105 N. E. 117. The allegation of the indictment that the property was "of the personal goods and chattels of the Wilshire Equity Exchange" was sufficient. When an offense is committed in relation to property which, when the offense was committed was in the possession of a bailee, the indictment may allege the ownership to be in either the bailee or bailor. *Edson* v. *State* (1897), 148 Ind. 283, 47 N. E. 625.

The evidence is most conflicting. Several witnesses for the State testified to defendant's knowledge of the stolen property, that he tried to sell it and offered to pay certain persons to dispose of it for him, and of other circumstances which tend to support the

verdict. The defendant and his witnesses testified to facts and made explanations consistent with his innocence. There being evidence to support the finding, this court cannot weigh the conflicting oral testimony. *Winters* v. *State* (1928), 200 Ind. 48, 160 N. E. 294.

In his motion for a new trial, appellant alleges that Eli Haley, one of the trial jurors, was guilty of misconduct as follows: that, on his *voir dire* examination, Haley testified he had not talked of the case or heard it discussed and had never formed or expressed an opinion as to the defendant's guilt or innocence, while, as shown by the affidavit of James Miller in support of the motion for a new trial, Haley, before the trial, stated to Miller, in the presence of Wesley F. Metzner, that Greer was guilty and that, if he (Haley) was on the jury, he "would stay until the last dog was hung that he was guilty." The affidavit of one of appellant's attorneys, in support of the motion, was to the effect that neither appellant nor his attorney knew until after the trial that said juror had formed and expressed an opinion as to appellant's guilt or innocence, and that they believed his statements made upon his *voir dire* examination and relied upon the same.

The law guarantees to every defendant a fair trial by a jury composed of impartial and unprejudiced men, and the statute provides that "when the jury have been guilty of any misconduct tending to prevent a fair and due consideration of the case" the court is required to grant the defendant a new trial, cl. 4, §2325 Burns 1926. If the juror Haley was prejudiced against defendant when accepted, and concealed his prejudice and made untruthful statements in doing so, the defendant would be entitled to a new trial. *People* v. *McMahon* (1910), 244 Ill. 45, 91 N. E. 104.

It appears from the record, however, that, at the time of the argument on the motion for a new trial, Haley,

Miller and Metzner were duly sworn in open court and testified regarding the matters set out in the motion for a new trial, and that the court ordered the evidence of such witnesses to be incorporated in the bill of exceptions containing the evidence. But no reference to this hearing or this evidence is made by appellant in his brief, and, upon searching the record, we find that the evidence of such witnesses is not brought into the record in any manner, either in the bill of exceptions containing the evidence given at the trial or by any special bill of exceptions. Without such evidence before us, we cannot review the action of the court in overruling appellant's motion for a new trial because of misconduct of the jury.

Appellant contends that instruction No. 13, given by the court, is erroneous, in that it "is involved and confusing and leaves the jury in doubt and uncertainty as to how it should be applied to the evidence . . . although it may be correct as an abstract proposition of law." The instruction is not open to the objection made by appellant, for it is neither involved nor confusing and is applicable to the evidence, when considered with all the other instructions. It is not deemed necessary to set it forth in this opinion.

The appellant's requested instructions Nos. 1, 2, 5 and 7 were substantially embodied in instructions Nos. 9, 10, 11 and 12 given by the court.

Judgment affirmed.