## HEADLEE *v.* STATE OF INDIANA.

[No. 25,304.  Filed November 20, 1929.  Rehearing denied February 25, 1930.  Petition to recall ruling on petition for rehearing denied March 11, 1930.]

*Chauncey W. Duncan, William J. Henley, Sr.,* and *Owen S. Boling,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

GEMMILL, C. J.—The appellant was prosecuted by indictment for the offense of vehicle taking, in violation of Acts 1921, ch. 189, §1, §2460 Burns 1926. He entered a plea of not guilty and was tried by a jury, which found him guilty as charged. The court rendered judgment on the verdict, and it was adjudged that he be fined in the sum of $100, be imprisoned in the Indiana State Prison for a period of three to five years, be disfranchised for three years and pay the costs. From that judgment, he has appealed to this court. Prior to the trial, appellant filed a plea in abatement, in which he alleged that he was the defendant in this criminal prosecution, being charged by indictment with the crime of vehicle taking, and that he ought not to be tried for that offense for the reason that, before the indictment was found against him at the June term, 1925, of the Rush Circuit Court, an affidavit was filed against him charging him with the offense of receiving stolen goods; that, on his petition, the venue in that cause was changed to the Decatur Circuit Court; that the parties to this action and that action and the subject-matter of this and the former prosecution, are the same, and the prosecution for receiving stolen goods is still pending against him. A demurrer was filed to this plea in abatement, which was sustained by the court.

The plea in abatement shows on its face that appellant was charged with two different and distinct crimes. It may be true that each offense was the result of the same alleged act of the defendant. If so, there could have been a prosecution for either one. Even if the prosecutions had been for the same offense, the pendency of a criminal prosecution against the defendant in another court where jeopardy had not at-

tached would not have been available to defeat a prosecution in a court of competent jurisdiction. *Dutton* v. *State* (1854), 5 Ind. 533; *Hardin* v. *State* (1864), 22 Ind. 347; *State* v. *Osborn* (1900), 155 Ind. 385, 58 N. E. 491; *Peters* v. *Koepke* (1901), 156 Ind. 35, 59 N. E. 33. The plea shows that jeopardy had not attached in the case in Decatur County. The court did not err in sustaining the demurrer to the plea in abatement.

The statute under which this indictment was brought is as follows: "Whoever unlawfully, without the consent of the owner, takes, hauls, carries or drives away any vehicle, automobile, car, truck, aeroplane or airship, operated by electricity or steam or explosive power, or any accessory or appurtenance contained in, on or forming a part thereof, of the value of twenty-five dollars ($25) or more, or whoever received [receives] buys, conceals, or aids in the concealment of, such or any one or more of such, knowing the same to have been taken, shall be guilty of the crime of vehicle taking," etc. §2460 Burns 1926.

There was a motion filed to quash the indictment upon the following grounds: (1) The facts stated in said indictment did not constitute a public offense; and (2) said indictment did not state the offense charged with sufficient certainty. Part of the indictment was as follows: That Finley Nelson and Clyde Willis, on or about the 18th day of February, A. D. 1925, at Rush County, State of Indiana, did then and there unlawfully and feloniously, and without the consent of the American Security, a corporation, take, haul, carry and drive away an automobile, then and there operated by explosive power, then and there being the property of and owned by the said American Security Company, a corporation, and of the value of $350, and the said Sylva Headlee did then and there unlawfully and feloniously and without the consent of the said American Security Company, a

corporation, the said owner of said automobile, receive, buy, conceal and aid in the concealment of the said automobile, he, the said Sylva Headlee, then and there well knowing the said automobile to have been unlawfully and feloniously and without the consent of the said owner taken and driven away by the said Finley Nelson and Clyde Willis, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana.

In support of his motion to quash, appellant objected to the following words in the statute: "Knowing the same to have been taken." And he says that the statute is void for uncertainty and is too indefinite in defining any offense and so indefinite and uncertain that no indictment, affidavit or charge could be drawn pursuant thereto stating any offense. There is no merit to these objections.

Objection was also made to the indictment for the reason that there is a variance between the material allegations therein. In the indictment, it was alleged that the automobile was taken without the consent of the "American Security, a corporation," that it was the property of and owned by said "American Security Company, a corporation," and that the defendant did receive, buy, conceal and aid in the concealment of the automobile without the consent of said "American Security Company, a corporation." It is apparent from the indictment that the name of the corporation which owned the automobile was "American Security Company, a corporation," and that where first used therein, the word "Company" was omitted. In §2225 Burns 1926, it is said: "No indictment or affidavit shall be deemed invalid, nor shall the same be set aside or quashed, . . . for any of the following defects: . . . Sixth. For any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person

charged." The omission of the word "Company" one place in the indictment could neither have misled the defendant nor prejudiced his rights. The indictment was sufficient.

The third, fourth and fifth assignments of error are not proper as separate assignments. They are also named, however, as causes in the motion for a new trial and will be considered under that assigned error.

The defendant's motion in arrest of judgment was for the reason that the facts stated in the indictment did not constitute a public offense. Having decided that the indictment was sufficient, it must be held that the court did not commit error in overruling that motion.

In the motion for a new trial, 62 causes are stated. The first cause was that one of the jurors who sat in the trial, and who was the foreman of the jury, was biased and prejudiced against the defendant and his cause of defense for reasons therein set out, and that, when this juror was accepted as such, the defendant and his attorneys did not have any knowledge of the facts which made the juror incompetent to serve. The objections to this juror, made after the trial, appear only in the motion for a new trial. An affidavit in support of a motion for a new trial can only be brought into the record by a bill of exceptions. *Kleespies* v. *State* (1886), 106 Ind. 383, 7 N. E. 186; *Robb* v. *State* (1896), 144 Ind. 569, 43 N. E. 642; *Reed* v. *State* (1897), 147 Ind. 41, 46 N. E. 135; *Siberry* v. *State* (1895), 149 Ind. 684, 39 N. E. 936, 47 N. E. 458; *Perfect* v. *State* (1923), 197 Ind. 401, 141 N. E. 52. As this cause for a new trial is not properly presented, it cannot be reviewed.

One of the causes for a new trial was that the verdict of the jury was not sustained by sufficient evidence. The indictment charged that the automobile was taken without the consent of the "American Security, a corporation"; that it was the property

of and owned by the said "American Security Company, a corporation"; and that it was received by the defendant without the consent of the said "American Security Company, a corporation." The owner of the automobile was named in evidence several times as "American Security Company." There was also evidence that the "American Security Company" was a corporation. Later, it appeared in evidence that the name of the corporation claiming ownership of the automobile and mentioned as "American Security Company" was "American Security Company of Rushville, Indiana." In 1 Wharton, Criminal Evidence (10th ed.) §95, p. 288, it is said: "The modern rule is that a variance in names is not now regarded as material, unless it appears to the court that the jury was misled by it, or some substantial injury is done to the accused, such as that, by reason thereof, he was unable intelligently to make his defense, or he was exposed to the danger of a second trial on the same charge." In Underhill, Criminal Evidence (3d ed.) §82, it is stated that if sufficient evidence is introduced to identify the person intended, the variance of name is immaterial and will be disregarded. In *Kruger* v. *State* (1893), 135 Ind. 573, 35 N. E. 1019, it is said by this court: "An approved modern author thus states the rule: 'A variance is not now regarded as material, unless it is such as might mislead the defense, or might expose the accused to the danger of being put twice in jeopardy for the same offense.' 3 Rice Crim. Ev., section 121." In *State* v. *Long* (1919), 278 Mo. 379, 213 S. W. 436, in a prosecution for the larceny of hogs from "the University of Missouri," variance in the proof of the ownership of the hogs proved by the court's taking judicial notice of the fact that the corporation by which the university is controlled is styled "the curators of the University of Missouri," held harmless to the defendant. In that case, the court said: "It is sufficient to allege the name by

which a corporation is generally known, although the name alleged is not the corporation's correct name, if it otherwise sufficiently appears beyond question what corporation is intended." Throughout the evidence, the owner of the automobile which was taken was referred to as "American Security Company." The evidence was conclusive that this company was located in Rushville, Indiana. Although the corporate name of the owner was "American Security Co. of Rushville," it can be inferred from the evidence that it was generally known as "American Security Company." There is no doubt as to what corporation was meant when that name was used in the indictment and was used in the evidence. Although the "American Security Company" was named in the indictment and in the evidence as owner, the defendant introduced in evidence a copy of its articles of incorporation to show that the words "of Rushville" were part of its name. The variance in the instant case was not of such a character as would mislead the defendant or expose him to the peril of being put twice in jeopardy for the same offense. The appellant does not claim that he was injured by this variance. The evidence was clear that the automobile was taken without the consent of the owner. The evidence was sufficient on all material charges to sustain the verdict.

Appellant contends that the court committed 32 errors in regard to the exclusion or admission of evidence. A careful examination has been made of each of these objections, and it is held that none of the said rulings of the court constituted reversible error.

Upon the trial, the following question was propounded by the State to Clyde Willis, one of the two men who took the automobile, and a witness for the State: "Who was in the business (of stealing automobiles) with you over at Vincennes?" Objection was made to the question by counsel for the defendant.

Before the court ruled on this objection, the prosecuting attorney, in the presence and hearing of the jury, made the following statement: "That this defendant and his brother were connected with this Clyde Willis in the theft of an automobile at Vincennes, Indiana." Objection was made to this statement by the defendant, who moved the court that the submission of the cause be withdrawn from the jury. This motion was overruled by the court and exception taken to the ruling by the defendant. In *Lincoln* v. *State* (1921), 191 Ind. 426, 133 N. E. 351, this court said: "Not every improper act or statement permitted by the court will require that the submission be set aside and the jury discharged, or that the judgment be reversed on appeal. Though flagrant offenses, often repeated, with an apparent intent to prejudice the defendant before the jury, may require such action." It does not appear that the court instructed the jury to disregard the improper statement of the prosecuting attorney or that the defendant requested the court to so instruct the jury. If the defendant had made such a request, it would have been the duty of the court to have instructed the jury to disregard the objectionable statement. Under the circumstances, it must be presumed that the defendant was content to rely upon his motion to withdraw the submission of the cause. Part of instruction No. 6 given by the court on its own motion was as follows: "The defendant is, by the law presumed to be innocent of the crime charged until his guilt shall have been established by the evidence, beyond a reasonable doubt." This instruction was clear that guilt must be established only by the evidence. From a consideration of all the evidence, it seems that the verdict of the jury would not have been different, even if the improper statement had not been made in the presence of the jury. In the instant case, it can be said, as was said by the court in *Ramseyer, Exr.*, v. *Dennis*

(1917), 187 Ind. 420, 119 N. E. 716, on the petition for rehearing: "The question of misconduct was again called to the attention of the trial court by a specification in the motion for a new trial. The disposition of that motion carries with it the assumption that the court, upon a re-examination of the matter, concluded that no harm was done appellants by the ruling in question." It must be held that the court did not err in overruling the motion to withdraw the submission of the cause from the jury.

During the trial, the defendant filed a motion for the State to produce the following papers: A certificate of title for automobile, a certificate of registration for same, and a canceled bank-check, claiming that said papers were necessary to use as evidence. The motion was overruled. On the trial, said papers were introduced in evidence and were before the court. As the defendant could not have been harmed by the ruling on his motion to produce papers, it is not necessary to decide whether that ruling was right or wrong.

Errors are claimed by the appellant because the court overruled his motion at the close of the introduction of the State's evidence, and his motion at the close of all the evidence, to instruct the jury to return a verdict in favor of the defendant. As the evidence was sufficient to sustain a verdict of guilty, the court did not err in overruling these motions.

It is contended that the court erred in refusing to give to the jury instruction No. 2 and instruction No. 3, tendered and requested by the defendant. Said instruction No. 2 was on the subjects of sufficiency of the evidence and reasonable doubt. The substance of this instruction was given by the court of its own motion in instruction No. 8. There was no error in refusing requested instructions that were given in substance by other instructions. So it was not

error to refuse said tendered instruction. Said instruction No. 3 was on the subject of reasonable doubt as to the name of the alleged owner of the automobile described in the indictment. This instruction was covered by instruction No. 13 given by the court of its own motion.

It is also claimed by appellant that the court erred in giving each of 10 instructions to the jury on its own motion. These instructions were Nos. 5, 6, 7, 10, 12, 13, 14, 15, 16 and 17.

Instruction No. 5 purported to be a statement of the law upon which this prosecution was predicated. Appellant says that it was erroneous as it omitted one element of the crime, that is, the taking "without the consent of the owner." In *Rokvic* v. *State* (1924), 194 Ind. 450, 143 N. E. 357, in which the appellant was charged with vehicle taking, this court said: "It is next urged that it (court's instruction No. 26) does not state that the property must have been taken without the consent of the owner. This is a necessary element, but the uncontradicted evidence was that the property had been taken without the owner's consent." The court did not hold the instruction erroneous for the named defect. The testimony of one of the parties who took the automobile was that they started out to steal a Ford coupe, that he got the car in Rushville, on Second Street, in front of the American Security Company, without saying anything to any one before he drove it away. From this evidence, it could be inferred that the stolen automobile was taken without the consent of the owner. It does not appear that this instruction was prejudicial to appellant. The giving of same did not constitute error.

Instruction No. 6 was on the subject of the presumption of innocence. Appellant objects to the following statement therein: "This presumption of innocence remains with him throughout the trial

and he is entitled to its benefit, unless the evidence convinces you beyond a reasonable doubt of his guilt." A similar statement in an instruction is discussed and held to be correct in *People* v. *Arlington* (1900), 131 Cal. 231, 63 Pac. 347. The objection to this instruction is not well taken.

Instruction No. 7 related to the subjects of presumption of innocence and reasonable doubt. The part to which objection is made is in accord with §2302 Burns 1926, reading as follows: "A defendant is presumed to be innocent until the contrary is proved. When there is a reasonable doubt whether his guilt is satisfactorily shown, he must be acquitted."

Instruction No. 10 stated that it was the duty of each juror to refuse to vote for the conviction of defendant until convinced of his guilt beyond a reasonable doubt. The instruction was a correct statement of the law. If it did not go as far as defendant believed it should, he ought to have tendered a more complete instruction.

Instruction No. 12 gave the rule as to reasonable doubt. The objections made by appellant to that instruction can not be sustained.

Instruction No. 13 was in regard to ownership of the automobile which was taken. The instruction said that one of the material allegations of the indictment was that the "American Security Company of Rushville" was the owner of the automobile. The indictment named the owner as the "American Security Company, a corporation." It has heretofore been held herein that there was no fatal variance between the name of the owner as charged in the indictment and as shown in the evidence. It cannot be held that the instruction is erroneous for any of the objections urged against it.

Instruction No. 14 was on the subject of the title of

stolen property. Objection is made because the term "stolen property" was used therein, it being claimed that the automobile was "taken, hauled, carried and driven away." This instruction is not accurate, as it goes farther than necessary. It was favorable, however, to the defendant, as it made it more difficult for the State to convict him, and he could not have been harmed by it.

Instruction No. 15 was in regard to fatal variance between the name of the owner of the automobile as charged and as shown by the evidence. The instruction is not erroneous, misleading or prejudicial to the appellant. There is no fatal conflict between this instruction and No. 13 heretofore approved herein. The appellant is in error when he claims that the court invaded the province of the jury in giving the instruction.

Instruction No. 16 informed the jury that even if the engine had been removed from the automobile and if nothing but the chassis of the machine was delivered to the defendant, under the circumstances as alleged in the indictment, it would be sufficient to warrant a conviction, providing all the other material allegations had been proved beyond a reasonable doubt. As there was evidence that the automobile which was taken off the street in Rushville, and which was received by the defendant, was driven into his barn lot and turned over to him, this instruction was not necessary and could not have injured the appellant. Also, the instruction did not conflict with the act upon which this prosecution was predicated.

Instruction No. 17 was in regard to the right of the jury to determine both the law and facts. This instruction did not seek to bind the consciences of members of the jury by imposing restrictions on them not provided for by the Constitution, as claimed by the appellant. It was not error to give same.

Appellant's last contention is that the court erred in rendering judgment and sentencing him on June 19, 1926, upon the verdict returned by the jury on April 17, 1926. It appears from the record that on May 3, 1926, the defendant filed a motion in arrest of judgment. This motion was overruled on May 10; and, on that day, the defendant filed a motion for a new trial, which was overruled on the day judgment was pronounced. It is not shown that the court lost jurisdiction at any time.

Finding no reversible error, the judgment is affirmed. Myers, J., absent.

## ON PETITION FOR REHEARING.

GEMMILL, J.—It is claimed by appellant that the act upon which the indictment was founded is unconstitutional, for the reason that the statute embraces more than one subject and matters connected therewith. The title of the act of 1917, which was amended in 1921, is: "An act defining the crime of vehicle taking and providing a penalty therefor." The subject of the amended act is vehicle taking, and said act embraces only one subject, although there are different parts of same, any one of which constitutes the crime. The act is not violative of Art. 4, §19 of the state Constitution.

Appellant still insists that the court lost jurisdiction of this cause, for the reason that judgment was not rendered and sentence pronounced during the February term of court, at which term the verdict of the jury was returned. Two months and two days elapsed from the time the verdict was returned until appellant was sentenced to prison. The February term of court began on the first Monday of February and continued as long as necessary. From the record, it cannot be told whether the Rush Circuit Court was in

session after April 17, as a part of that term. On May 3, the first day of the May term, a motion in arrest of judgment was. filed, which was overruled on May 10. On that day, after the motion in arrest was overruled, a motion for a new trial, stating more than 60 causes therefor, was filed. This motion was overruled on June 19 and judgment was then rendered. Section 2234 Burns 1926 is in regard to the accused being sentenced when he pleads guilty, and does not apply here. In *Warner* v. *State* (1924), 194 Ind. 426, 143 N. E. 288, cited by appellant, where it was held the court lost jurisdiction because of extraordinary delay, the defendant had entered a plea of guilty, and, pending the entry of judgment and sentence, was released upon his own recognizance for nearly a year and a half. The facts in that case are not similar to the facts here. In the instant case, there was no extraordinary delay in rendering judgment, and the court had jurisdiction of the defendant and of the cause when final proceedings were had.

Five other reasons assigned for a rehearing have been considered, and it is held that appellant is not entitled to a rehearing for any of the causes relied upon by him.

The petition for a rehearing is denied.

## ON PETITION TO RECALL RULING OF COURT ON PETITION FOR REHEARING.

GEMMILL, J.—Appellant has filed his petition to recall the ruling of this court on the petition for a rehearing. He assigns as cause that this court failed, in the original opinion and in the opinion overruling the petition for a rehearing, to decide the question as to whether or not specification No. 1 of appellant's motion for a new trial was properly presented without the aid of any affidavits, there being no counter-affidavits

filed. The motion for a new trial and the causes therefor shall be in writing; and any such cause not disclosed in the record shall be sustained by affidavit. §2325 Burns 1926, cl. 9. This cause for a new trial is stated in the original opinion. It was supported by four affidavits, one supporting affidavit executed by the defendant, two supporting affidavits executed by his attorneys, and another affidavit of defendant stating that the matters set out in cause No. 1 for a new trial were true. These affidavits were all a part of the motion for a new trial, and none of them were brought into the record by a bill of exceptions. In *Alyea* v. *State* (1926), 198 Ind. 364, 152 N. E. 801, 153 N. E. 775, this court said: "There is no proof of the facts thus alleged in appellant's affidavit to be discharged. The record . . . is silent on the subject and there is no bill of exceptions to show what proof, if any, was offered to support such allegations. The act of 1915, Acts 1915 p. 122, §2332 Burns 1926, makes a motion a part of the record without a bill of exceptions but it does not require the court to take the allegations of fact in such motion as being true unless they have been shown to be true by evidence. Recitals of fact in a motion require proof the same as an allegation of fact in any other pleading or paper." It does not appear from the record what evidence, if any, was heard on this question; and, there being nothing in the record which affirmatively shows that the trial court erred in such ruling, the ruling must be presumed by the court to be correct. *Woodward* v. *State* (1910), 174 Ind. 743, 93 N. E. 169; *Alyea* v. *State, supra; Greer* v. *State* (1929), *ante* 434, 168 N. E. 458.

The petition of appellant to recall ruling on petition for rehearing is denied.