## ALEXANDER v. STATE OF INDIANA.

[No. 25,733.   Filed March 11, 1930.   Petition to recall ruling denied
May  14,  1930.]

*Theodore J. Louden, Robert G. Miller* and *James W. Blair,* for appellant.

*James M. Ogden,* Attorney-General, and *V. Ed Funk,* Deputy Attorney-General, for the State.

TRAVIS, C. J.—This appeal is from the judgment rendered upon the verdict of guilty of assault and battery with intent to commit a felony. Acts 1905, ch. 169, §352, §2417 Burns 1926. The crime charged was carnal knowledge of a female child under 16 years of age. (Acts 1927, ch. 201, §2, p. 576, §2429 Burns' Supp. 1929.)

The error presented is the overruling of appellant's motion for a new trial, and specifically for: (1) Overruling appellant's motion to continue the cause; (2) misconduct of the jury; (3) sustaining appellee's objection to a question addressed to the prosecuting wit-

ness on cross-examination, which concerned her former chastity, and (4) giving two instructions to the jury.

Appellant's verified petition to continue the cause is based upon the absence of two material witnesses. Concerning the first absent witness, the prosecuting attorney admitted that such witness, if present, would testify to the facts which appellant in his affidavit for the continuance alleged he could prove by such absent witness. (Acts 1927, ch. 132, §11, p. 411, §2250 Burns' Supp. 1929.) Concerning the second absent witness, the prosecuting attorney admitted that such witness, if present, would testify to the facts which appellant in his affidavit for continuance alleged he could prove by such absent witness, except the fact which he alleged he could prove by such absent witness that the "prosecuting witness, sometime prior· to the charge in this cause came to her (the absent witness') home" and made an immoral request, which it is unnecessary to relate; and further that the prosecuting witness, at that time, told her (the absent witness) of other immoral acts she had committed; and further that she (the absent witness) saw the prosecuting witness in the act of the commission of revolting immoral acts. The motion to continue the cause was overruled. Appellant objected to the admissions made by the prosecuting attorney for the reason that the admissions did "not conform to the affidavit for continuance, nor comply with the statute," which objection was overruled. The single proposition made by appellant is that the showing for continuance was properly and seasonably made, and should have been granted; and the overruling of the motion was an abuse of discretion. The purpose of proof of the facts which the prosecuting attorney admits appellant could prove by the second absent witness, is not shown by the record or brief; but, if the purpose was to prove that the character of the prosecuting wit-

ness was immoral, and such immoral character was an element of defense, evidence to prove such fact is incompetent. The unchastity of the prosecuting witness, if true, cannot aid appellant. It was not error to overrule the motion to continue the cause. *Heath* v. *State* (1910), 173 Ind. 296, 90 N. E. 310, 21 Ann. Cas. 1056; *Barker* v. *State* (1918), 188 Ind. 263, 120 N. E. 593.

The misconduct of the jury, presented to the *nisi prius* court for the first time by appellant's motion for a new trial, in so far as the brief shows or suggests, is supported by one affidavit. The affidavit is not brought to this court by a bill of exceptions under the certificate of the trial court. *Perfect* v. *State* (1923), 197 Ind. 401, 141 N. E. 52. It follows that the question of the misconduct of the jury is not presented for review.

The alleged error, as a cause for a new trial, that "the court refused to permit the" prosecutrix "to answer" the question on cross-examination concerning her chastity, is not presented by the brief, for the reason that the narration of the evidence does not include any testimony given by the prosecutrix, nor any matter in relation to her as a witness; neither can it be ascertained by the brief that appellant saved the question for review on appeal.

Objection is made to two written instructions given by the court. The first instruction is upon reasonable doubt, and is in nearly the exact language of the one quoted as given in the case of *Garfield* v. *State* (1881), 74 Ind. 60, 62, which was approved. The second instruction states the principles of law by which the jury should determine the weight of the evidence.

After stating in the instruction that the jury had a right to take into account the manner and demeanor of any witness while on the witness stand; and that jurors have a right to bring into use their

natural faculties in determining whether a witness testifies truly or falsely; and that, if the jurors found that witnesses have directly contradicted each other, in determining the truth or falsity of the testimony, they have the right to subject such evidence to any and all tests which, as men of experience in every day affairs of life, they may see fit to use to determine the probability or improbability of the facts testified to; followed that part of this instruction which is pointed to as error, which is: "There are many other things, other than those I have mentioned, which your experience will tell you should be considered in determining these matters, but when you have considered them all, and all in the light of the evidence produced before you, it remains for you to pass finally on the facts here involved and to deal fairly with both defendant and the state." That part of the instruction alleged to be erroneous is nothing more or less than a simple instruction to the effect that the jury were to determine the weight of the evidence under the guidance of their own knowledge and experience, which evidence would not have been objectionable and erroneous, before the record here, for the reason that appellant did not request written instructions, and did not tender what, in his opinion, were full, complete and errorless instructions on the questions of either reasonable doubt or the principles of law which the jury should consider in determining the weight of the evidence. Appellant also complains that this second instruction nowhere told the jury to reconcile the evidence, if possible, on the theory of appellant's innocence. Appellant did not request any such instruction, which was his legal privilege, and his duty, if he wished to base error upon its absence. *Brewster* v. *State* (1917), 186 Ind. 369, 374, 115 N. E. 54. Neither of the instructions is erroneous.

Upon the errors assigned and presented, the finding is for the appellee and against the appellant.

Judgment affirmed.