WATERFORD *v.* STATE OF INDIANA.

[No. 26,080.   Filed December 15, 1933.]

*Frank S. Pryor, John L. Dowling,* and *Harker & Irwin,* for appellant.

*James M. Ogden, Attorney-General,* and *Harry Taylor,* Deputy Attorney-General, for the State.

MYERS, J.—Appellant was indicted, tried and convicted by a jury in the court below of bank robbery, ch. 158, Acts 1927, p. 470; §2425.1, Burns Supp. 1929 (§2417, Baldwin's Ind. Ann. Stat. 1934). Judgment and sentence that he be imprisoned for a period of 25 years in the Indiana State Prison and disfranchised for a like period. His motion for a new trial was overruled and this ruling is the only error assigned. The causes for a new trial urged in this court are: (1) That one of the jurors at the time of the trial was neither a freeholder nor a householder; and (2) the erroneous admission in evidence of a certain exhibit.

The record discloses that one Joseph Strouse was a member of the jury that tried appellant and found him guilty. Appellant, by his own affidavit attached to his motion for a new trial, stated that one Joseph Strouse of the jury that tried him was not a householder or a freeholder at the time of his service as such juror; that on his voir dire examination touching his competency to sit as a juror he was asked by the prosecuting attorney whether he was a householder or a freeholder, and that he answered " I am;" "that at the time of said trial and prior thereto said defendant and his attorney at said trial were ignorant of the fact that said juror was not a householder or freeholder, and believed that said juror was a freeholder and were misled to the prejudice of this defendant" by the juror's answer; that this information was not obtained either directly or indirectly by affiant from any of the jurors who tried him.

The foregoing affidavit tendered a question of fact touching the misconduct of a juror. There is no show-

ing of any evidence before the court tending to support the statements in the affidavit. If there was any such relative evidence, the settled practice in this state requires that it be brought into the record on appeal by a bill of exceptions. In the absence of this showing, we must presume that the court's ruling was in keeping with the facts brought to its attention. *Alexander* v. *State* (1929), 202 Ind. 1, 4, 170 N. E. 542; *Headlee* v. *State* (1929), 201 Ind. 545, 562, 168 N. E. 692, 170 N. E. 433; *Greer* v. *State* (1929), 201 Ind. 434, 168 N. E. 458.

State's Exhibit "D," introduced in evidence over objection, insofar as the same is material, follows:

1930                    State of Indiana                    1930
The accompanying number plate has been assigned to the addressee named hereon to be used on a Motor Vehicle of make, weight and horse-power indicated, for the year ending December 31, 1930.

WATERFORD, Bert W.                            FEE
559 N. Catterlin St.
Frankfort, IND.                              Trans.

County   Clinton                    Township   Center

| Plate No. | 547-893 | Title No. | B1031863 |
|-----------|---------|-----------|----------|
| Make | Ford | Weight | |
| Eng. No. | 13639979 | Serial No. | |
| Style | Tudor | Yr. Built | 1926 |
| Model | T | H. P. | 22 |
| Purchase | 11-14-30 | Issued | 11-14-30 |

................................................................
Owner must sign name here in Ink.

OTTO G. FIFIELD Secy of State.    Form No. 30A

The objections urged to its admission were, "That the purported Exhibit is merely a copy of an original record made by Otto G. Fifield, Secretary of State, and is not the original; for the further reason the original record would be the best record."

From the evidence in this case we learn that on

December 20, 1930, between 3 and 4 o'clock in the afternoon, the Bank of Sedalia was robbed of $615. Lennie McPherson, the assistant cashier, was the only person in the bank at the time of the robbery. She testified that the robber entered the bank, pointed two guns at her face, one larger than the other, and demanded that she show him the money. He wore a dark grey overcoat, medium length, and a stocking cap. At the trial she identified appellant as the robber, State's Exhibit "A" as the coat, Exhibit "B" as the cap he wore at the time of the robbery, and Exhibit "C" as one of the revolvers he had on that occasion. Another witness testified that he was in a barber shop in Sedalia when he noticed a car, Model T, 2-door sedan, while it was being parked across the street. The left-hand side glass in the door toward the bottom had been broken and the parts held together by adhesive tape, possibly two inches wide. He fixed the time at about 3:30 o'clock in the afternoon. After parking the car the stranger to the witness went across the street in the direction of the bank. He was gone from three to five minutes and returned to the car and drove east out of town. He wore a sock cap, a medium length grey overcoat, collar turned up. The rear license plate on his car was doubled over so that the first three numbers were not readable. Three days after the robbery, December 23rd, this witness identified a car in the Main Street garage at Frankfort as the one he saw in Sedalia. The car so identified was brought to this garage by certain members of the police force at Frankfort who testified they obtained it from a garage at 559 N. Catterlin St., Frankfort, and that appellant lived at that number. Mr. Gaddis who operated the Main Street garage testified that the engine number of the car was 13639979. Another witness testified that the license number was 547-893. The sheriff of Clinton County testified that he

took State's Exhibit "D" from a Model T, 5-passenger Ford car while parked in the Main Street garage. The left front glass of the car was broken and patched by the use of adhesive tape. This car was shown to be the one obtained by the police at the Catterlin Street address.

Statutes of this state in force at the time of the alleged robbery required that the owner of any motor vehicle file or cause to be filed with the Secretary of State a verified application for registration of such motor vehicle, together with a brief description thereof, including the name of the manufacturer, the engine number, and the name, residence, or business address of the owner. On receipt of such application the Secretary of State shall file the same in his office and register such motor vehicle in a book or index to be kept for that purpose under a distinctive number assigned to it. Subject to certain exceptions not here material, no person shall use, operate, or propel such vehicle upon any of the public highways of this state unless such Secretary shall have given it a distinctive registration license number, and unless it shall have license plates bearing such registration number attached thereto. It is the duty of the Secretary of State to supply the owner of each licensed motor vehicle with a certificate of registration and two number plates for each motor vehicle. Secs. 10085, 10086, 10100, Burns 1926, Sec. 10087, Burns Supp. 1929, Secs. 11101, 11102, 11123, Baldwin's 1934.

It will be observed that Exhibit "D," on its face, appears to be an original registration certificate of a motor vehicle, issued by the Secretary of State in compliance with the foregoing provisions of our statutes. Limiting our consideration to the objections urged against its admission, we hold the court committed no error in admitting it in evidence. Moreover, it was found in the car which the evidence

tended to show was on the streets of Sedalia in appellant's control on the day and at about the time of the robbery. Since the car could not be operated lawfully upon the highways unless duly registered by the owner or person in control, Exhibit "D" was properly admitted in evidence as a circumstance tending to identify the owner of the car. It, in connection with the other evidence, was a relative evidentiary fact disputable and subject to explanation by competent evidence. Bearing generally on the subject of the admission in evidence of motor vehicle registration certificates, see: *Hatter* v. *Dodge Brothers* (1918), 202 Mich. 97, 167 N. W. 935; *Delano* v. *LaBounty* (1911), 62 Wash. 595, 114 Pac. 434; *Haring* v. *Connell* (1914), 244 Pa. St. 439, 90 Atl. 910; *Trombley* v. *Stevens-Duryea Co.* (1910), 206 Mass. 516, 92 N. E. 764; *Avila* v. *DuPont* (1932), 278 Mass. 83, 88, 180 N. E. 124; *Pratt* v. *Taxicab & Transfer Co.* (1923), 225 Mich. 147, 195 N. W. 691; *Ferguson* v. *Reynolds* (1918), 52 Utah 583, 176 Pac. 267; *Uphoff* v. *McCormick* (1918), 139 Minn. 392, 166 N. W. 788; *Hammond* v. *Hazard* (1919), 40 Cal. App. 45, 49, 180 Pac. 46.

No other reasons are assigned in support of the motion for a new trial. Judgment affirmed.