SCHIEBER v. STATE OF INDIANA.

[No. 26,389. Filed November 2, 1935. Rehearing denied March 6, 1936.]

*Guy W. Dausman,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *Alvin C. Johnson,* Assistant Attorney-General, for the State.

HUGHES, J.—The appellant was convicted of second degree arson and from this conviction he appeals.

This case was orally argued before this Court and the attorney for the appellant expressly stated that he was relying upon his fifteenth specification of error in his motion for a new trial—that the court erred in refusing to grant a new trial on account of misconduct of the prosecuting attorney—as the only meritorious question presented.

The question now presented is whether or not the appellant has presented any question for this Court to review. The 15th reason for a new trial is as follows:

"Because of the misconduct of the Honorable Seth Rowdabough, Prosecuting Attorney, occurring at the trial in this: 'When the defendant introduced as exhibits a pair of boots and said boots were identified as the boots worn by him at the time of the fire and measured on his feet by the sheriff, Harley Persons, and Prosecuting Attorney, said Rowdabough picked up one of the shoes, examined it and said that this shoe was positively not the shoe worn by the defendant when he and the sheriff measured defendant's footwear, that there were several points of dissimilarity between the exhibit and the shoes so measured. These remarks of the Prosecuting Attorney were made to his co-counsel, Ray Deahl, while he and Mr. Deahl were sitting at a

counsel table. Mr. Rowdabough was within four or five feet of the nearest juror; all jurors were within fifteen feet of him and said remarks were uttered and spoken in a loud voice clearly audible and heard by every juror. Said Prosecuting Attorney was not under oath nor examined as a witness. Because defendant's counsel was busily engaged in some other phase of the trial and did not hear the remarks of Mr. Rowdabough said remarks went unchallenged by defendant and uncorrected by the court.' "

The appellant, Floyd Schieber, filed a supporting affidavit with his motion for a new trial, alleging in substance the matter above set out. The concluding paragraph of the supporting affidavit is as follows:

"Affiant says that his counsel trying said cause was busily engaged and apparently did not notice or hear said remarks of the prosecutor and because he did not understand and appreciate the importance of calling attention of counsel to said statement and because as aforesaid his counsel was busy, affiant did not call the attention of his counsel to the said statements of the prosecutor."

It is to be observed that the attorney who represented the appellant in the trial of the cause and who filed the motion for a new trial did not make any affidavit as to the misconduct of the prosecuting attorney. The affidavit made by the appellant states:

"that his counsel apparently did not notice or hear said remarks."

There is no affidavit by counsel that he did not hear the remarks, if they were made, of the prosecuting attorney and it is a mere conclusion of appellant that his attorney did not hear them, if made. Neither is it stated in the affidavit that the court heard the remarks and if such remarks were made the court would evidently have heard them if it is true, as appellant states, they could

be heard fifteen feet away. It is hardly to be believed that if the remarks were made so that they could be distinctly heard by every juror within fifteen feet that neither the court nor attorney would not have heard them. The appellant was represented by an able and experienced attorney and it is to be presumed that he was diligent at the trial of the cause to see that nothing was said or done that was not proper in the defense of his client, and, if so, to then and there take proper steps to protect him.

Conceding, however, that the facts stated in the affidavit are true, we do not think that appellant has presented any question for review. It has been repeatedly decided by this Court that an affidavit filed in support of a motion for a new trial can only be brought into the record as evidence by a bill of exceptions. *Perfect* v. *State* (1925), 197 Ind. 401, 141 N. E. 52; *Heath* v. *State* (1909), 173 Ind. 296, 90 N. E. 310; *Reed* v. *State* (1896), 147 Ind. 41, 46 N. E. 135. In the case of *Fritz* v. *State* (1926), 198 Ind. 229, 153 N. E. 408, the court, in discussing the misconduct of a prosecuting attorney, said (p. 230):

> "Misconduct of counsel, in whatever form it may consist, is reviewable on appeal only when brought into the record by an independent bill of exceptions."

And in the case of *Choen* v. *State* (1882), 85 Ind. 209, in speaking of the misconduct of a prosecuting attorney, which was set out in an affidavit in support of a motion for a new trial, the court said (p. 212):

> "It is equally certain that the motion for a new trial, though itself a part of the record, does not constitute evidence of the truth of the alleged causes for the motion, and this is so, even though the motion be sworn to or accompanied by affidavit in support of it. Such affidavits can be made available only when put into a bill of exceptions, or when

made a part of the record by a special order of the court to that effect."

The affidavit as to the misconduct of the prosecuting attorney tendered a question of fact and there is no showing of any evidence tending to support the statements in the affidavit. If there was any such evidence it should have been brought into the record on appeal by a bill of exceptions. In the absence of such showing we must presume that the court's ruling was in keeping with the facts brought to its attention. *Waterford* v. *State* (1933), 205 Ind. 682, 187 N. E. 880; *Alexander* v. *State* (1929), 202 Ind. 1, 170 N. E. 542; *Headlee* v. *State* (1929), 201 Ind. 545, 168 N. E. 692.

In view of the authorities cited, and many more that might be, we think the appellant has presented no question for review, and the judgment must be affirmed.

Judgment affirmed.