SOUCIE *v.* STATE OF INDIANA

[No. 27,455. Filed March 3, 1941.]

216

*Charles M. LaFollette, Herman L. McCray* and *E. Bayard Culley, Jr.,* all of Evansville, and *Leonard Ashley,* of Boonville, for appellant.

*Samuel D. Jackson,* Attorney General, and *George B. Davis,* Deputy Attorney General, for the State.

FANSLER, J.—The appellant was charged with the crime of assault and battery with intent to commit murder. He was found guilty of assault and battery.

Error is assigned upon the overruling of his motion for a new trial.

The first cause for a new trial presented by the brief involves a statement by the prosecuting attorney in argument to the effect that, in his opinion, some of the evidence was manufactured. When the statement was made the defendant charged that

it was misconduct and asked that the submission be withdrawn. The jurors are not required to believe the testimony of every witness, and, ordinarily, a contention in argument that the testimony of a witness is false is not to be considered as misconduct. The trial court is in a better position than this court to determine whether the remarks of counsel conform to the rules of propriety, and, where there is misconduct, to determine whether or not it is harmful to the complaining party. In the absence of a clear showing of prejudice or breach of discretion on the part of the trial court, the judgment will not be set aside because of a charge of misconduct of counsel. *Indiana Pipe Line Co.* v. *Christensen* (1924), 195 Ind. 106, 143 N. E. 596.

Before the trial, upon motion, the court ordered all witnesses excluded from the courtroom, except when testifying, and the witnesses were directed not to talk to any one except the lawyers "about what they are going to testify, nor about what they have testified." The defense asked a witness upon the stand whether he had seen three of the witnesses engaged in a conversation. There was an objection, and an offer to prove that the witness saw the three persons in conversation within a few minutes after one of them had left the witness stand. There was no offer to prove the subject of their conversation or that they discussed the testimony of any of them. The objection was sustained. The appellant contends that the purpose of the question was to impeach one of the three persons involved in the conversation who had testified that he had no such conversation. The question involved an immaterial and irrelevant matter, and it was not error to sustain the objection. Watson's Revision of Works Practice and Forms, Vol. II, § 1497, p. 163, and cases cited.

A witness was asked, and answered, several questions relating to some lumber. He was then asked what was done with the lumber, and answered: "Well, we had trouble unloading it there. They wouldn't let us unload it. They unloaded part of it at Millersburg at the store. They would get up on the truck and order us not to unload it there." The defendant moved to strike out the question and answer "for the reason that there is no evidence now that Soucie was present, or had any connection with these men." The court said: "I think the evidence reveals that he had been out there with these men before this. The weight is for the jury. The motion is overruled." We think that the court's comment sufficiently sustains the ruling in view of the objection made at the time. We will not consider other grounds of objection which might have been, but were not, made at the time.

There was a motion to strike out the answers to several plain and unambiguous questions upon the ground that the subject-matter of the questions and answers was irrelevant and immaterial and did not tend to prove or disprove any issue in the case. The answers were responsive to the questions. The subject-matter was made clear by the questions. The questions were not objected to. The motion to strike out the answers after they were made came too late, and if the subject-matter was merely immaterial and irrelevant and did not tend to prove or disprove any issue, the answers were not prejudicial.

Two of the instructions given by the court correctly and abstractly state the law of self-defense. It appears by bill of exceptions that counsel for the defendant in his opening statement to the jury said that the defendant would offer no evidence that he acted in self-defense, and would make no contention

that he was entitled to be acquitted on the ground of self-defense; that he relied entirely upon the contention that he was not the person who fired the pistol; that in the final arguments of the case the defendant's counsel made no contention that he was entitled to be acquitted upon the ground that he shot in self-defense, but that argument was directed entirely to the contention that the defendant was not the person who fired the shot. It is contended that it is "harmful error for a court to give to a jury an instruction which is contrary to the evidence and the issues of fact arising therefrom." There is evidence of an affray, and the facts were such that the defendant might have contended that he was acting in self-defense. The defendant relies upon the case of *Reed* v. *State* (1895), 141 Ind. 116, 122, 123, 40 N. E. 525, 527, as sustaining his contention that the giving of the instruction was reversible error. In that case the trial judge gave an instruction embodying a general statement of the law applicable to self-defense, and another instruction in which he applied the principles of the law of self-defense to certain testimony. It was contended that the instructions were erroneous for the reason that they were not applicable to the evidence, and that the theory of the defense was that the stone was thrown by some person other than the defendant. The court concurred in appellant's contention that the instructions should be relevant to the issues and applicable to the facts, but said:

"It was the duty of the court, under the statute, at least, to state to the jury all matters of law for their information in arriving at a verdict.

"If there were any facts or circumstances in the case, although quite meager, to which the instructions might, upon any view, be pertinent, provided they were correct

in the statement of the law, it would not be error for the court to give them, although they were so given to the jury over the protest and disclaimer of appellant's counsel. . . .

"Again, upon another view of the question, the action of the court was proper. It is not disclosed by the record that the statements of appellant to the jury were not referred to, or made use of, by his counsel in their argument in his behalf, and as we are bound to indulge all reasonable presumptions in support of the action of the trial court, we must presume that counsel did exercise this right, and in that event it would have been proper for the court to have correctly advised the jury, under the evidence, upon the law relative to the points made by them in their argument. It follows, therefore, upon either view of the case, that we can not, under the facts therein, hold that the court erred in giving the instructions in controversy."

The appellant contends that, since he has shown that his counsel in an open statement said to the jury that he would introduce no evidence of self-defense and would not rely upon it as a defense, and since he made no contention in the argument at the end of the trial that he was entitled to be acquitted upon the ground of self-defense, the giving of the instruction cannot be justified upon the ground set out in the last paragraph of the quotation from the Reed case, *supra*. It is clear, however, that the decision in the Reed case rested upon two grounds, and it must be noted that the case merely holds that it was not error to give the instruction upon the subject of self-defense under the circumstances of the case. It does not hold that it would have been error under facts comparable to those in the case at bar. In this case the appellant, before argument, filed his request in writing asking that all instructions to be given

to the jury should be in writing, and that the court indicate before argument of counsel to the jury what instructions were to be given, and this request was granted and acted upon. It is true that counsel for the defendant is shown to have said in his opening statement before the evidence was introduced that no evidence of self-defense would be introduced, and that the defendant would not rely upon self-defense as a defense. But he was not bound by this statement, and was free to argue, after the instructions had been settled, that he was entitled to be acquitted upon the ground of self-defense, and notwithstanding the opening statement, and that there was no contention based upon the law of self-defense in the closing arguments that defense was within the issues, and the members of the jury might have found the defendant not guilty if they believed from the evidence that he acted in self-defense, notwithstanding he had made no such contention. As pointed out in the Reed case, *supra,* if there were any facts and circumstances, even quite meager, to which the instructions upon the law of self-defense might be pertinent, it would not be error to give them. The appellant does not deny that there are facts in evidence which might have been made the basis of a contention that he acted in self-defense. He says that the instructions forced upon him a position which he disclaimed; that self-defense necessarily included an admission that he fired the gun; that the court thrust upon him an admission that he fired the gun, which weakened the closing argument of his counsel. He also contends that the instructions are in conflict with four instructions given at his request, which told the jury they could not convict unless they found beyond a reasonable doubt that he had fired the gun. But we see no conflict, nor can it be seen that the instructions forced upon the

defendant an admission that he had fired the shot in question. It is true that he contended, and sought to prove, that he had not fired the shot, but the jury was not required to believe this testimony, which was in conflict with other evidence, and their verdict indicates that they did not believe it. This resulted in his conviction. But, disbelieving his testimony, they might still have acquitted him if they had believed that he fired in self-defense. Under the rules of practice as they existed at the time this case was tried, the defendant was not required to indicate and point out to the court his specific objection to an instruction, and, while it does appear that one of the appellant's counsel said in an opening statement that he did not intend to rely upon self-defense as a defense, it is not clear that he indicated to the court that he objected to the giving of these instructions upon that ground, or that he advised the court that he did not intend to base an argument upon self-defense. Under the present rules he would be required to point out this objection to the court before there was a determination of the question of whether the instruction would be given.

The appellant tendered a long and involved instruction, the substance of which is that the defendant could not be convicted of rioting or riotous conspiracy or any other crime except the one with which he was charged, and that he could only be convicted if he was the person who fired the shot in question. The instruction was refused, but the substance of the subject-matter was covered in other instructions which were given.

The court refused an instruction designed to advise the jury that they should not permit fear of public

opinion or disapproval of friends or neighbors to affect their verdict, and it suggests that, in the event the jurors might be questioned as to the reason for acquitting the defendant, "it is proper for you to give as a sufficient reason for your action your conviction that the defendant was not proven guilty."

The jury was fully instructed upon the law of reasonable doubt, and fully advised that it could not convict the defendant unless he had been proven guilty by the evidence. In discussing a similar situation in *Grand Rapids & Indiana Railroad Co.* v. *Horn et al.* (1873), 41 Ind. 479, 484, this court said: "We think it fair to presume that jurors in any part of the State of Indiana are sufficiently intelligent to know that their duty, when sworn as such, requires them to decide the case according to the evidence, and without prejudice, partiality, or favor, and that the court cannot be said to have committed an error in not reminding them of that duty." The court cannot be required to anticipate an acquittal of a defendant, and that the motives of the jurors in arriving at such a verdict will be publicly questioned, nor to suggest answers to the jurors for such a public question.

One of the grounds for a new trial is newly discovered evidence. In view of the direct evidence of appellant's guilt it may be doubted whether a breach of discretion is shown on the face of the motion. See *Rector et al.* v. *State* (1937), 211 Ind. 483, 190 N. E. 172, 7 N. E. (2d) 794. But it is contended by the state that there is no proof of the allegations, since there is no bill of exceptions containing the evidence upon that question. Affidavits were attached to and filed with the motion for a new trial.

It is well settled that, to present any question, the evidence heard by the court ùpon the question of newly discovered evidence must be brought into the record by a bill of exceptions, and that affidavits filed with the motion will not be treated as a part of the record for the purpose of determining whether or not the court committed error in ruling upon the question of fact involved unless the affidavits are brought in by a bill of exceptions which shows that they were introduced in evidence and that the bill contains all of the evidence introduced. *Headlee* v. *State* (1930), 201 Ind. 545, 168 N. E. 692, 170 N. E. 433; *Alexander* v. *State* (1932), 203 Ind. 288, 164 N. E. 259, 179 N. E. 783; *Schieber* v. *State* (1936), 209 Ind. 623, 198 N. E. 315. The appellant says that the record shows "that the court did not *hear* any evidence." The record is merely silent on the question of whether evidence was heard, but if it did show that no evidence was heard, it would not help the appellant's situation. The motion for a new trial is a pleading, and although the recitals of fact supporting it are sworn to, they are still but verified allegations of fact. If no evidence was introduced, the facts thus recited have not been proven. See *Headlee* v. *State*, *supra*. If the affidavits were treated as in evidence, a bill of exceptions would disclose that fact and would contain any other evidence that might have been heard, and would be certified to by the judge as containing all of the evidence upon the subject.

We find no error.

Judgment affirmed.

NOTE.—Reported in 31 N. E. (2d) 1018.