BOWLING *v.* STATE OF INDIANA.

[No. 27,706.   Filed October 19, 1942.   Rehearing denied November 23, 1942.]

*Guy W. Dausman,* of Goshen, and *Claud V. Barker,* of Albion, for appellant.

*George N. Beamer,* Attorney General, and *Norman E. Duke,* Deputy Attorney General, for the State.

SWAIM, J.—The appellant was convicted of the crime of rape in the first degree. The only assigned error which the appellant attempts to present is the action of the trial court in overruling the amended motion for a new trial. The sole ground for a new trial, on which the appellant relies, is newly discovered evidence, which he attempted to present by an affidavit made by the prosecuting witness to the effect that the testimony she gave at the trial was false and that the appellant was not guilty as adjudged. Said affidavit was attached to and filed with the amended motion for a new trial.

Neither this affidavit nor certain counteraffidavits, which were filed by the State, were brought into the record by a bill of exceptions.

The granting of a new trial on the ground of newly discovered evidence lies within the sound discretion of the trial court. To justify the court in granting a new trial on this ground the newly discovered evidence must be such as would probably change the result on a new trial and it must appear that the defendant could not, with reasonable diligence, have discovered and produced such evidence at the trial. It must also appear that such evidence is not merely cumulative or impeaching. § 9-1903, Burns' 1933, § 2310, Baldwin's 1934; *Sullivan* v. *State* (1937), 212 Ind. 79, 6 N. E. (2d) 951.

To determine these facts the court must consider the new evidence and the credibility of the witness who proposes to give it, in relation to the evidence heard at the trial.

It is only for an abuse of discretion by the trial court in refusing to grant a new trial on the ground of newly

discovered evidence that this court will interfere and set aside the judgment. To determine whether there has been such an abuse of discretion by the trial court, this court must be furnished with a record containing all of the evidence which the trial court considered. This can only be done by a bill of exceptions which shows that it contains all of · the evidence heard by the trial court. *Soucie* v. *State* (1941), 218 Ind. 215, 31 N. E. 1018.

In the instant case the appellant seeks to excuse his failure to furnish such a bill of exceptions by contending that, by reason of § 2-3104, Burns' 1933, § 462, Baldwin's 1934, the affidavit of the prosecuting witness, which was attached to and filed with the amended motion for a new trial, was a part of the record without incorporating it in a bill of exceptions. Even if this affidavit be in the record as a part of the motion for a new trial, it is not shown that it was introduced in evidence and without being so introduced it may only be considered as verified allegations of facts, the truth of which must be determined by evidence. *Headlee* v. *State* (1930), 201 Ind. 545, 168 N. E. 692, 170 N. E. 433; *Soucie* v. *State, supra.* The other affidavits were not mentioned in the appellant's brief and it is not contended that they have been brought into the record.

Since there is no bill of exceptions containing all of the evidence heard by the trial court on the question of newly discovered evidence the question is not presented to this court.

The judgment is affirmed.

NOTE.—Reported in 44 N. E. (2d) 171.